IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES THOR KIRK,

      Petitioner,

vs.                                    No. CV 17-01050 JCH/CG

DAVID JABLONSKI,
SECRETARY OF CORRECTIONS,

      Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by Petitioner James Thor Kirk on October 19, 2017. (Doc. 1) ("Petition"). Kirk's filing may be construed as alleging claims under both 28 U.S.C. § 2254 and 42 U.S.C. § 1983. To the extent the Petition is construed as asserting habeas corpus claims under § 2254, it is a second or successive § 2254 petition filed without authorization and must be dismissed. To the extent the Court construes the Petition as alleging § 1983 civil rights claims, this is the sixth time Kirk has brought the same claims, and they are barred by the doctrine of claim preclusion. The Court will dismiss Kirk's Petition.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Kirk is an inmate in the custody of the New Mexico Corrections Department. (Doc. 1 at 1). He alleges that in October, 2010, he was involved in a high-speed chase that ended in a car crash. (Doc. 1 at 1-2). Kirk claims (1) that the New Mexico State Police violated standards of operation in relation to the chase, a pit maneuver, and the crash; (2) that the University of New Mexico Hospital violated medical emergency protocol and violated Kirk's right to adequate medical care by failing to provide appropriate attention and treatment following

the crash; and (3) that Valencia County violated his rights to a speedy trial and legal representation from 10-27-2010 to 03-04-2014. (Doc. 1 at 1-3).

Plaintiff Kirk has prosecuted five prior actions in this court arising out of the same factual allegations, CV 12-01157; CV 14-0891; CV 14-01027; CV 15-00736; and CV 16-00270.[1] *Kirk v. University of New Mexico Hospital*, No. CV 12-01157 JP/WPL was filed November 8, 2012 (CV 12-01157 JAP/WPL, Doc. 1). It is an action under 42 U.S.C. § 1983 seeking monetary damages for physical injury and pain and suffering arising out of injuries Plaintiff allegedly sustained during the high speed chase with law enforcement officers on October 26, 2010. (CV 12-01157 JAP/WPL, Doc. 1). All identified Defendants in no. CV 12-01157 were dismissed from the case. (CV 12-01157 JAP/WPL, Doc. 38, 162, 211, 216). That ruling was affirmed by the United States Court of Appeals for the Tenth Circuit on August 17, 2016. *See Kirk v. Flores*, No. CV 15-02219 (10th Cir. August 17, 2016).

*Kirk v. Valencia County Detention Center*, No. CV 14-00891 JCH/SCY was removed to this Court on October 3, 2014. (CV 14-00891 JCH/SCY, Doc. 1). It is a civil rights and New Mexico Tort Claims Act case arising out of the same October 26, 2010 incident and involved some of the same defendants as those in this case. (CV 14-00891 JCH/SCY, Doc. 1-1). Case no. CV 14-00891 was dismissed by Memorandum Opinion and Order on October 17, 2014, based on the doctrine of claim splitting. (CV 14-00891 JCH/SCY, Doc. 9).

---

[1] Kirk has had a total of eleven original and removed proceedings in this court, including seven civil rights cases under 42 U.S.C. § 1983 and three petitions for writ of habeas corpus under 28 U.S.C. § 2254. *See Kirk v. University of New Mexico Hospital,* No. CV 12-01157 JAP/WPL; *Kirk v. Valencia County Detention Center,* No. CV 14-00891 JCH/SCY; *Kirk v. New Mexico State Police,* No. CV 14-01027 MV/KK; *Kirk v. Flores,* No. CV 15-00736 JCH/LF; *Kirk v. Flores*, No. CV 16-00270 JB/SCY; *Kirk v. Winn,* No. CV 17-00864 JB/GJF; *Kirk v. Marcantel,* No. CV 14-00976 JCH/CG; *Kirk v. Marcantel,* No. CV 15-00614 MV/KBM; *Kirk v. Jablonski,* No. CV 17-01050 JCH/CG; *Kirk v. Jablonski,* No. CV 18-00288 MV/SMV; and *Kirk v. State of New Mexico,* No. CV 18-00060 MV/SCY (no federal jurisdiction).

Similarly, *Kirk v. New Mexico State Police*, No. CV 14-01027 MV/KK was removed from state court on November 12, 2014. (No. CV 14-01027 MV/KK, Doc. 2). Noting that, although not identical, the claims involve the same parties and claimed injury as the two prior cases, the Court dismissed CV 14-01027 MV/KK on the grounds of claim splitting. (No. CV 14-01027 MV/KK, Doc. 15).

*Kirk v. Flores*, No. CV 15-00736 JCH/LF was removed from state court on August 21, 2015. (CV 15-736 JCH/LF, Doc. 1). The complaint alleges civil rights and tort claims for damages against individual defendants arising out of the October 26, 2010 high speed chase. (CV 15-00736 JCH/LF, Doc. 1-2). Finding an identity of parties and claims, the Court dismissed *Kirk v. Flores* on grounds of claim splitting, claim preclusion, and the bar of the statute of limitations. (CV 15-00736 JCH/LF, Doc. 8 and 9).

Last, in *Kirk v. Flores, et al.,* No. CV 16-00270 JB/SCY, Kirk claimed (1) that defendant failed to administer first aid to Kirk at the scene of the accident following the chase and violated Kirk's Constitutional right to adequate medical care; (2) that a nurse practitioner at the Valencia County Detention Center, where Kirk was taken after being released from the hospital, violated Kirk's right to adequate medical care by failing to provide appropriate attention and treatment to a head injury, open wounds, and several broken bones; and (3) that John Does 1-3 violated Kirk's Constitutional right to be free from unreasonable searches. (CV 16-00270 JB/SCY, Doc. 1 at 5-7). The Court determined that the Complaint failed to state a claim for relief due to the bar of the doctrine of claim preclusion and the applicable statute of limitations. The Court dismissed Kirk's Complaint with prejudice. (CV 16-000270 JB/SCY, Doc. 7, 8).

# KIRK'S HABEAS CORPUS CLAIMS MUST BE DISMISSED
## AS SECOND OR SUCCESSIVE UNDER § 2254

Kirk's Petition expressly states that it is brought "under 28 U.S.C. § 2254 for Writ of Habeas Corpus." (Doc. 1 at 1). Kirk is in New Mexico state custody and challenges his conviction in New Mexico state case no. D-1314-CR-2010-00338. (Doc. 1 at 1-2). The Court construes his allegations as an application for a writ of habeas corpus under 28 U.S.C. § 2254(b)(1).

In a previous § 2254 proceeding, *James Thor Kirk v. Gregg Marcantel,* No. CV 15-00614 MV/KBM, Petitioner attacked the same state court criminal conviction, D-1314-CR-2010-00338, that is the subject of this proceeding, raising issues of Sixth Amendment right to a speedy trial, Fourth Amendment unreasonable search and seizure, Fourteenth Amendment due process, and cruel and unusual punishment/inadequate medical care. *See* CV 15-00614 Doc. 1, 3; *See, also, Duhart v. Carlson,* 469 F.2d 471, 473 10th Cir. 1972) (noting that the court may take judicial notice of its own records.) The Court denied a writ of habeas corpus, concluding that all of Kirk's claims lacked merit. (CV 15-00614 Doc. 22 at 3-9; Doc. 25). The Court dismissed the petition with prejudice. (CV 15-00614 Doc. 25, 26).

Petitioner now brings a new, second or successive, § 2254 petition. (Doc. 1). He alleges:

"James Thor Kirk respectfully challenge the final Order and Judgment pursuant
to 28 U.S.C. § 2254 and 10 R.C.L. 1012. Bryan v. Chicago, R.I.&P.R. Co. (1884)
63 Iowa, 464, 19N.W. 295. Preponderance of evidence; Grounds being:
1. Necessity of instruction, rights of legal representation claim; sentenced in case
D-1314-CR-2010-00338 without legal representation, after being detained in
county jail Valencia County from 10-27-2010—03-04-2014, in violation of
speedy trial rights and right to legal representation.. .
New Mexico State Police Department, in its entire capacity; Standards of
Operation . . .
The University of New Mexico Hospital A. Medical Civil Rights—mal-practice"

(Doc. 1 at 1-2). Kirk again attacks his conviction and sentence in State of New Mexico cause no. D-1314-CR-2010-00338. (Doc. 1 at 3). All of the issues raised by Kirk appear to arise out of the same chase, pit maneuver, accident, and medical treatment that were presented and determined in Kirk's prior § 2254 proceeding. *See* Doc. 1 at 2; CV 15-00614 Doc. 1, 3.

Under 28 U.S.C. § 2244(b)(1), a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed. A claim that was not presented in a prior application shall also be dismissed unless the applicant shows either (1) that the claim relies on a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court or (2) that the factual predicate for the claim was previously unavailable and would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

The factual basis of Kirk's arguments was clearly raised in his prior § 2254 proceeding. The same claims were asserted in his prior § 2254 proceeding and must be dismissed. 28 U.S.C. § 2244(b)(1); *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997). Moreover, to the extent any argument can be made that Petitioner did not previously raise any asserted claim in his prior § 2254 Petition, Kirk does not rely on any new constitutional law that was previously unavailable and made retroactive on collateral review by the United States Supreme Court. *See* 28 U.S.C. § 2244(b)(2)(A); *Tyler v. Cain*, 533 U.S. 656 (2001). Nor does Petitioner argue or rely on a factual predicate that could not have been discovered previously through the exercise of due diligence and is sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the

underlying offense. 28 U.S.C. § 2244(b)(2)(B); *United States v. Espinosa-Saenz,* 235 F.3d 501, 505 (10th Cir. 2000).

Further, before a second or successive petition is filed in the district court, the petitioner must move the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). When a second or successive § 2254 claim is filed in the district court without the required authorization from the court of appeals, the district court may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631 or may dismiss the petition for lack of jurisdiction. *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997). The current Petition is Kirk's second and is not accompanied by an authorizing order from the court of appeals. Under § 2244(b)(1), the Court lacks jurisdiction to proceed and must either dismiss Petitioner's Petition or transfer this proceeding to the Tenth Circuit. Applying the *Cline* factors, the Court finds it is not in the interest of justice to transfer the proceeding.

Petitioner has filed his second or successive §2254 Petition without authorization from the Tenth Circuit Court of Appeals. 28 U.S.C. § 2241(b)(3). Petitioner also fails to establish any grounds that would permit him to proceed on a second or successive petition. 28 U.S.C. § 2244(b)(2) and even if he did establish grounds for relief, it appears that any habeas corpus claim would be barred by the statute of limitations of 28 U.S.C. § 2244(d). *See* Doc. 1 at 1, ¶ 1; *State v. Kirk,* D-1314-CR-2010-00338. The Court declines to transfer the Petition to the Tenth Circuit and will dismiss for lack of jurisdiction. *Coleman v. United States,* 106 F.3d at 341. Under Rule 11 of the Rules Governing Section 2254 Cases, because Kirk has failed to make a substantial showing of denial of a constitutional right, the Court will also deny a Certificate of Appealability. 28 U.S.C. 2253(c).

## KIRK'S CIVIL RIGHTS CLAIMS ARE BARRED BY CLAIM PRECLUSION

In his Petition, Kirk alleges "[d]eprivation of civil rights guaranteed by the 13th and 14th amendments to the Constitution and by Acts of Congress." (Doc. 1 at 3). He requests "[j]ury by trial, for Deprivation of Civil Rights" and seeks a total of $3,800,000 in damages from the Defendants. (Doc. 1 at 4). 42 U.S.C. § 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution. See, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). The Court construes Kirk's claims for violation of rights under the Constitution as civil rights claims brought under 42 U.S.C. § 1983.

Plaintiff Kirk is proceeding pro se and in *forma pauperis*.[2] In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

Claim preclusion prohibits parties from relitigating claims "arising out of the same transaction, or series of connected transactions, as a previous suit." *Yapp v. Excel Corp.,* 186 F.3d 1222, 1227 (10th Cir. 1999) (internal quotation omitted). Claim preclusion requires (1) a final judgment on the merits in an earlier action; (2) identity of the parties or privies in the two

---

[2] Kirk was granted leave to proceed *in forma pauperis* in this case prior to the Court's imposition of a third strike under 28 U.S.C. § 1915(g) in *Kirk v. Winn,* No. CV 17-00864 JB/GJF. Kirk may no longer proceed *in forma pauperis* in future proceedings except as provided in § 1915(g).

7

suits; and (3) identity of the cause of action in both suits. *Wilkes v. Wyoming Dept. of Employment Div. of Labor Standards*, 314 F.3d 501, 504 (10th Cir. 2002). The Tenth Circuit applies the "transactional" approach from § 24 of the *Restatement (Second) of Judgments* to determine what constitutes a "cause of action" for claim preclusion. A "cause of action" includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. *Wilkes*, 314 F.3d at 504.

The doctrine of claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim. When a judgment is rendered for a defendant, the plaintiff's claim is extinguished and the judgment acts as a bar to further relief. The goal of claim preclusion is to avoid multiple suits and determinations on identical issues between the same parties. *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535-36 (5th Cir. 1978).

Kirk's claims against all Defendants are barred by the doctrine of claim preclusion. All of Kirk's claims in this case as well as in his prior five cases arise out of the October 26, 2010 car chase, subsequent medical treatment, and detention. The claims and legal theories of recovery arise from the same transaction, event, or occurrence and constitute the same cause of action for purposes of claim preclusion. *Wilkes,* 314 F.3d at 504. Although Kirk has not named the identical defendants in every one of his prior actions, he has named each of the Defendants in this case in at least one of his prior actions. (See CV 12-1157, Doc. 1; CV 14-0891, Doc. 1; CV 14-1027, Doc. 1; CV 15-0736, Doc. 1; and CV 16-0270, Doc. 1). Last, there has been a final adjudication on the merits in his prior actions. ((CV 12-01157 JAP/WPL, Doc. 38, 162, 211, 216; CV 14-891 JCH/SCY, Doc. 9; CV 14-1027 MV/KK, Doc. 15; CV 15-736 JCH/LF, Doc. 8 and 9). All the elements of claim preclusion are present in this case. *Wilkes,* 314 F.3d at 504.

Kirk may not seek to relitigate the same cause of action he has already litigated in multiple cases. The prior judgments rendered for the Defendants extinguished the plaintiff's claims and the judgments act as a bar to further relief. The goal of claim preclusion, to avoid multiple suits and determinations on identical issues between the same parties, is met in this case. *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.,* 575 F.2d at 535-36. The Court will dismiss Kirk's § 1983 claims as barred by the doctrine of claim preclusion.

## **PENDING MOTIONS**

Also pending before the Court are Kirk's Motion to Produce Discoveries (Doc. 6), Motion to Amend Good Time Figuring Sheet (Doc. 11), Motion for Order to Provide Subpoenas (Doc. 12), Motion to Hold Corrections Department Accountable for False Imprisonment (Doc. 13), Motion to Appoint Counsel (Doc. 17), Motion to Request Deposition on All Issues (Doc. 19) and Request for Martinez Report (Doc. 23). The Court will deny the pending motions as moot in light of the Court's dismissal of Kirk's claims.

Kirk also filed an "Emergency Complaint" alleging that he was attacked by inmates and asking the Court to "bring all my issues to the knowledge of the law and state for guidance and help getting out of this, requesting to cut all my ties and relocate to start a new clean life, anywhere available, away from Predators." (Doc. 20). The record reflects that the New Mexico Department of Corrections placed Kirk in voluntary restricted housing and subsequently transferred him to another correctional facility. (Doc. 20 at 2; Doc. 21). To the extent the Emergency Complaint could be construed as a motion for a temporary restraining order or injunctive relief, Kirk fails to show that he is entitled to any relief. A prisoner plaintiff may not maintain § 1983 claims for temporary, preliminary, or permanent injunctive relief based on conditions of incarceration if the plaintiff is no longer housed at the facility. *See Green v.*

*Branson,* 108 F.3d 1296, 1300 (10th Cir.1997); *White v. State,* 82 F.3d 364, 366 (10th Cir.1996). The Emergency Complaint will also be denied as moot.

    **IT IS ORDERED**:

(1) Petitioner James Thor Kirk's Motion to Produce Discoveries (Doc. 6), Motion to Amend Good Time Figuring Sheet (Doc. 11), Motion for Order to Provide Subpoenas (Doc. 12), Motion to Hold Corrections Department Accountable for False Imprisonment (Doc 13), Motion to Appoint Counsel (Doc. 17), Motion to Request Deposition on All Issues (Doc. 19), Emergency Complaint (Doc. 20) and Request for Martinez Report (Doc. 23) are **DENIED**;

(2) any claims for a writ of habeas corpus under 28 U.S.C. § 2254 in the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by Petitioner James Thor Kirk on October 19, 2017 (Doc. 1) are **DISMISSED** for lack of jurisdiction and a Certificate of Appealability is **DENIED**; and

(3) any civil rights claims under 42 U.S.C. § 1983 in the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by Petitioner James Thor Kirk on October 19, 2017 (Doc. 1) are **DISMISSED** with prejudice based on the doctrine of claim preclusion.

    _____
    UNITED STATES DISTRICT JUDGE